WILLIAM ROACH v. THE NEW YORK AND ERIE INSURANCE
COMPANY.

A condition, annexed to a policy of insurance, that no suit or action against
the insurers, for the recovery of any claim upon the policy, shall be sus-
tainable in any court of law or chancery, unless commenced within six
months next after any loss or damage shall have occurred, is valid; and
if an action is not commenced within that time it will be barred.

APPEAL from a judgment of the general term of the
supreme court in the eighth district, affirming a judgment
rendered in favor of the plaintiff at the circuit, held by Jus-
tice DAVIS, in the county of Niagara, in January, 1858.

The action was on a policy of insurance, issued by the
defendant through its agent, James W. Reed, to the plain-
tiff, wherein the defendant agreed to insure the plaintiff
against loss by fire of certain buildings owned by him,
situate in Lockport, Niagara county, for the term of one
year from the 20th day of July, 1854, for the sum of $400,
in consideration of a premium paid by said plaintiff therefor.

It is claimed by the plaintiff that the policy was renewed
for the term of one year from the 27th July, 1855, by a
certificate of renewal, dated the said last mentioned day,
signed by the secretary and president of the defendant,
and by said Reed as agent, for which renewal the plaintiff
paid said agent the sum of four dollars.

The genuineness of this paper is not denied, but it is
claimed by the defendant that at the time said certificate
was issued, the said Reed was not agent, such agency
having been terminated in the May preceding.

On the trial the plaintiff proved the execution and deliv-
ery of the policy, the agency of Reed, by proving his
appointment, which was in writing, under the seal of the
company, and dated the 18th of November, 1853. The
plaintiff also proved several letters written to said Reed
by the secretary of the company recognizing him as agent.

the last of the letters bearing date the 2d of May, 1855. The destruction of the property by fire on the 24th of May, 1856, was also proved, and that proofs of the loss required by the by-laws of the defendant were delivered to the defendant within the time limited.

On the part of the defendant it was proved that said Reed, in May, 1855, returned to the defendant all the blank policies and certificates of renewal, as it was supposed, that had been issued to him, and the defendant never heard of him again in relation to business, nor of the renewal of the plaintiff's policy.

The defendant offered to prove that Reed resigned and relinquished his agency, and the same was accepted by the defendant, in May, 1856. The evidence was objected to by the plaintiff's counsel, and the objection was sustained and the evidence excluded, to which the defendant's counsel excepted.

It was conceded that this action was commenced April 15th, 1857.

It was provided by the fourteenth condition annexed to the plaintiff's policy, that no suit or action, if any, against said company for the recovery of any claim upon, under, or by virtue of said policy, should be sustainable in any court of law or chancery, unless commenced within six months next after any loss or damage should have occurred; and if brought after that time, the lapse of time should be taken and deemed conclusive evidence against the validity of the claim.

The proofs being closed, the defendant's counsel requested the court to direct the jury to render a verdict in favor of the defendant, on the ground that the action had not been commenced within six months after the occurring of the loss. The court declined so to charge, and the defendant excepted.

The defendant's counsel requested the court to charge the jury, that the omission to bring the action within six months should be deemed and taken as conclusive evidence

against the validity of the plaintiff's claim. The court refused so to charge, and the defendant's counsel excepted. The court thereupon directed the jury to render a verdict for the plaintiff for the amount claimed and interest, to which instruction the defendant's counsel excepted. The jury rendered a verdict in favor of the plaintiff for $328.

The defendants appealed to the general term of the supreme court, in the eighth district, where the judgment was affirmed, on the ground that the condition limiting the right of action to six months from the loss was against public policy and void.

The defendants appealed to this court. The case was submitted by

*Ely & Farwell*, for the appellants.

*J. L. & J. H. Buck*, for the respondent.

MULLIN, J.   The only question for our consideration on this appeal is, whether the condition annexed to the policy requiring an action to recover the amount of a loss to be brought within six months from the time the loss occurred, is valid?   If it is, the action is undoubtedly barred, and the judgment must be reversed.

At the last March term of the court, we held in the case of *Ripley* v. *The Ætna Insurance Company*,[*] that a condition precisely like the one in this case, except that the right to bring the action, was limited to one year, was valid. And that the action not having been brought within the year, was barred, and the judgment which was for the plaintiff in that case was reversed.

That case is decisive of this. The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.

All the judges concurring, judgment reversed.

[*] *Ante*, p. 136.