## Tasker v. The Kenton Ins. Co.

A condition in a policy of insurance, that no recovery shall be had unless suit is brought within a given time, is valid.

The Gen. St., *c.* 157, *ss.* 6 and 7, are for the benefit of the assured, and may be waived by an express agreement in the policy.

Assumpsit, on a policy of insurance.   Plea, the general issue.   The action was not commenced within twelve months next after the loss occurred.   The policy contained the following clause : " It is furthermore hereby expressly provided and mutually agreed, that no suit or action against the company for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within twelve months next after the loss shall occur ; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."   No waiver of this clause or sufficient excuse was shown why the action was not seasonably commenced.   The court, subject to the defendants' exception, denied a motion for a nonsuit.   Verdict for the plaintiff.   Motion for a new trial.

*Parker* and *Wait,* for the plaintiff.

*Holt,* for the defendants.

Bingham, J.   The clause in the policy, stipulating that no action shall be sustainable thereon unless commenced within twelve months next after the loss occurs, is in form and effect a condition precedent, and unless it is complied with, there can be no recovery at common law.   *Patrick* v. *Ins. Co.,* 43 N. H. 621, 624 ; *Gooden* v. *Ins. Co.,* 20

N. H. 73, 76 ; *Judkins* v. *Ins. Co.*, 39 N. H. 172 ; *Fullam* v. *Ins. Co.*, 7 Gray 61 ; *Roach* v. *Ins. Co.*, 30 N. Y. 546 ; *Williams* v. *Ins. Co.*, 20 Vt. 222 ; *Wilson* v. *Ins. Co.*, 27 Vt. 99 ; May on Ins., s. 478.

It is said that the action may be maintained under the provisions of Gen. St., *c.* 157, *ss.* 6, 7. This statute was in force at the time the policy was issued, and it ordinarily should be construed by the statute, at least so far as the parties intended that it should govern the contract. *Chamberlain* v. *Ins Co.*, 55 N. H. 249, 265. But the parties to the policy did not intend that the statute should govern or control it, as they have expressly agreed that the clause in the policy shall be operative, any statute of limitation to the contrary notwithstanding. Statutes that are made for the benefit of particular persons may be waived by them. *Hanover* v. *Weare*, 2 N. H. 131 ; *Page* v. *Pendergast, id.* 233, 235 ; *Lyman* v. *Littleton*, 50 N. H. 42. Sections six and seven were evidently enacted for the benefit of those insured, but the plaintiff has waived their benefits in terms as absolute as language can express.

*New trial granted.*

CLARK, J., did not sit.