### KELLY v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. LIFE INSURANCE—PROOF OF DEATH—CONTRACT PROVISION.
　　Contract in beneficiary certificate, that no time of absence or disappearances on the part of the member, without proof of actual death, shall entitle his beneficiary to recover, is not invalid, as repugnant to law or against public policy, though setting aside the rule of evidence as to presumption of death from absence for seven years

2. SAME—INCONSISTENT DEFENSES—DEMURRER.
　　Defense that beneficiary certificate required action for benefit to be begun within two years after the member's death, though somewhat inconsistent with one setting up a provision against recovery except on proof of actual death, is not, on that account, subject to demurrer.

3. SAME—FURNISHING PROOF OF DEATH.
　　Cause of action does not accrue till after the furnishing of proof of death to the society, the beneficiary certificate requiring that on the death of the member satisfactory proof of his death shall be furnished on blanks authorized by it, and that no benefits shall become due or payable till 60 days after the furnishing thereof.

Appeal from special term, New York county.

Action by Mary Kelly against the Supreme Council of the Catholic Mutual Benefit Association. From a judgment overruling demurrer to parts of the answer, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward C. Delavan, Jr., for appellant.
J. A. Corbin, for respondent.

McLAUGHLIN, J. This action was brought to recover $2,000, alleged to be due upon a membership certificate of insurance issued by defendant to plaintiff's husband. The complaint alleged that, in consideration of the payment of an initiation fee, and of sundry dues and assessments, and in further consideration of the promises of Daniel W. Kelly, plaintiff's husband, to comply with all the laws, rules, and requirements of the defendant while he was a member, the defendant delivered to him its beneficiary certificate, in and by which it promised and declared that he was entitled to participate in the beneficiary fund of the defendant to the amount of $2,000, which sum should, on his death, be paid to his wife, Mary Kelly, this plaintiff, or to his surviving children equally; that the plaintiff

was, at the time the certificate was issued, the wife of Daniel W. Kelly, and that, as she is informed and believes, he died on the 1st day of September, 1891, and left no surviving children, or issue of any deceased child; that, as she is informed and believes, he fulfilled all the conditions of said beneficiary certificate on his part; that she has complied with all the conditions upon her part to be performed, and that no part of said sum of $2,000 has been paid, and the same is now due. An affidavit of the plaintiff was annexed to and formed a part of the complaint, and in this she stated that on September 1, 1891, she and her husband were living at No. 531 West Fortieth street, in this city; and on that day her husband left the house for the purpose, as he said, of consulting a physician; that she saw him "pass out through the front door," and has "never seen him since, nor * * * heard from him." The defendant interposed an answer setting up four separate and distinct defenses, to the second, third, and fourth of which the plaintiff interposed a demurrer, which was overruled, and from the interlocutory judgment entered upon this decision the plaintiff has appealed.

By the demurrer the plaintiff admits not only all the facts alleged in the defenses demurred to, but also all proper legal inferences that can be drawn therefrom in favor of the defendant. The second defense concedes the issuing of the certificate referred to in the complaint, and alleges that it was issued, delivered to, and accepted by Kelly subject to the constitution, by-laws, rules, and regulations adopted by the defendant as then and still in force, which specifically provided that no time of absence or disappearance on the part of a member of the defendant without proof of actual death "shall entitle his beneficiary to receive any part or portion of said fund," and that no proof of the actual death of said Kelly has ever been made or presented to said defendant, but, on the contrary, as defendant is informed and believes, and as appears by the affidavit, a copy of which is annexed to the complaint, the plaintiff's claim that said Kelly is dead is based only upon his alleged disappearance and absence for a period of more than seven years. The foregoing facts being admitted,—as they must be for the purpose of considering the demurrer,—it does not require argument to demonstrate that the defense is not demurrable. It is based upon the constitution, by-laws, rules, and regulations of the defendant, to which the plaintiff's husband assented, and as such it cannot be overthrown by demurrer, unless, as plaintiff contends, it is, in and of itself, illegal, inconsistent with the purpose for which the certificate was issued, repugnant to law, or against public policy, and therefore void. It cannot be said to be invalid for any of these reasons. Plaintiff's husband and the defendant had a legal right to agree as to the proof which should be furnished concerning his death before a liability to pay should arise. The presumption that death has occurred after a continued absence, unheard from, for a period of seven years, is a rule of evidence. This presumption the parties have a perfect right to agree shall not apply, and that such absence shall not be evidence of death. The word "actual," used in the certificate, has a definite and well-understood meaning. It is something real, in opposition to

constructive or speculative; something existing in fact.  By its use the defendant manifestly intended to and did provide against liability in a case of speculative or presumptive death; in other words, it sought to provide against liability in just such a case as this. The parties, as we have seen, had a legal right to enter into an agreement of this character, and it cannot be said to be "illegal, unreasonable, inconsistent with the object and purpose of the certificate, or repugnant to law, public policy, or good morals."

The third defense also admits the issuance of the certificate, and alleges that it was issued to and accepted by Kelly in pursuance of the constitution, by-laws, rules, and regulations of the defendant, duly adopted, and then and still in force, in and by which it was, among other things, provided that no action should be instituted or maintained against the defendant by any person making a claim to such beneficiary fund, or any part thereof, unless such action should be commenced or instituted against the defendant within two years from the date of Kelly's death.  This defense is somewhat inconsistent with the second one, but it cannot be stricken out upon demurrer for that reason, because there is no rule of law which prevents the defendant from pleading as many separate defenses to the cause of action as he may think he has.  This defense alleges a condition precedent to the plaintiff's right to re cover, which has not been performed; and if the defendant can establish, upon the trial, the facts alleged, then the plaintiff must fail in her suit.  Roach v. Insurance Co., 30 N. Y. 546; O'Reilly v. Insurance Co., 60 N. Y. 169; Arthur v. Insurance Co., 78 N. Y. 462.

The fourth defense admitted the issue of the certificate, and alleged that the same was issued to and accepted by the plaintiff's husband in pursuance with the constitution, by-laws, rules, and regulations of the defendant then and still in force, in and by which it was, among other things, provided that upon the death of Kelly satisfactory proof of his death should be furnished to the branch of the defendant of which he was a member, upon blanks authorized by the defendant, and that no part of the beneficiary fund provided for in such certificate should become due or payable until 60 days after such proof of death had been furnished; that defendant had been at all times ready and willing to furnish the blanks provided for, but the plaintiff had failed and neglected to furnish such proof of death as provided for, and that no proof of death of said Kelly had ever been made or presented to the branch of the defendant of which he was a member, or to the defendant.  The case of O'Reilly v. Insurance Co., supra, is sufficient authority to demonstrate the sufficiency of this defense.  It alleges that the plaintiff has not complied with the conditions which are prerequisite to the maintenance of the action.  Even though it be conceded that the defendant is liable to pay by reason of the death of Kelly, nevertheless, by the facts stated in this defense, the money is not due and payable until after the condition set forth therein has been complied with.  A cause of action in favor of the plaintiff will not accrue, in any event, until after the proof of death has been served as therein provided.

It follows that the interlocutory judgment appealed from must be affirmed, with costs, with leave to plaintiff to withdraw the demurrer on payment of costs in this court and in the court below. All concur.