Hillsborough, }
June 7, 1904. }

DWYER *v.* MUTUAL LIFE INSURANCE CO. OF NEW YORK.

One who accepts a policy of insurance is presumed, in the absence of fraud or imposition, to have notice of, understand, and agree to the terms, conditions, and limitations therein contained.

The falsity of statements which an applicant for life insurance has expressly warranted to be true, or which the parties have agreed shall constitute a material part of the contract, avoids the policy.

Where the undisputed evidence in an action upon a life insurance policy establishes the falsity of statements which the insured has expressly warranted to be true, a verdict for the defendants is properly ordered.

ASSUMPSIT, upon an insurance policy issued by the defendants upon the life of Hugh Dwyer, August 29, 1901, payable to the plaintiff. The insured died March 20, 1902. At the close of the

evidence the jury were directed to return a verdict for the defendants, and the plaintiff excepted. Transferred from the September term, 1903, of the superior court by *Peaslee*, J.

*John O'Neill*, for the plaintiff.

*Oliver E. Branch*, for the defendants.

PARSONS, C. J.   The defendants deny liability upon the policy of insurance in suit, upon the ground that the undisputed evidence discloses a breach of an express warranty in the contract necessarily fatal to its validity as matter of law. They further contend that the evidence does not disclose such insurable interest in the plaintiff as to enable him to maintain the action. The exception to the verdict ordered for the defendants cannot be sustained unless there was evidence upon both propositions which should have been submitted to the jury.

In the absence of statutory prohibition, of which no claim is made, " parties to insurance, like parties to other contracts, may . . . incorporate into their contract such conditions, whether apparently material or immaterial, as they see fit. If the assured has in express terms stipulated and warranted that a certain fact is true, that warranty makes the fact a material one and, however immaterial it may seem in any other aspect, an indispensable condition in the compact. . . . 'Such express warranty is always a part of the policy, but, like any other part of the express contract, may be written in the margin, or contained in proposals or documents expressly referred to in the policy, and so made a part of it.' . . . But while this unquestionable effect is given to express warranties or conditions, when ascertained, it is a well established doctrine of the law of insurance that not every representation made by the assured, in his application or treaty for a policy, is of that nature. In order to have such an effect, the representation must be material, or . . . the fact represented must be 'one upon which the parties can be presumed to have proceeded in making the contract.' . . . 'A false representation cannot avoid the policy, unless it be on a point material to the risk.' " *Boardman* v. *Insurance Co.*, 20 N. H. 551, 555. As to the foregoing principles there is no controversy in the authorities. The falsity of a statement which the parties have expressly warranted to be true, or agreed shall constitute a material part of the contract, avoids the policy ; while if the parties have not agreed that the statement shall be considered material, the policy is not effected unless the misstatement is in a matter in fact material to the risk assumed by the insurer. May Ins., *ss.* 156, 170, 183 ;

*Ball* v. *Association*, 64 N. H. 291; *Campbell* v. *Insurance Co.*, 98 Mass. 381; *White* v. *Society*, 163 Mass. 108, 114; *Pawson* v. *Watson*, Cowp. 785, 787; *DeHahn* v. *Hartley*, 1 D. *&* E. 343. The plaintiff refused to accept the policy in the form in which it was first made out, and it was afterwards changed to avoid his objection. From his subsequent acceptance of the policy and his commencement of a suit upon it, it must be held, in the absence of fraud or imposition, that the plaintiff had notice of, understood, and agreed to, and is bound by the terms, limitations, and conditions contained therein. *Brown* v. *Insurance Co.*, 59 N. H. 298, 307; *Davis* v. *Insurance Co.*, 67 N. H. 335, 338.

The policy states that it is issued in consideration of the application which is made a part of the contract. The plaintiff having by the acceptance of the policy expressly assented that a portion of the contract was contained in the application, it is immaterial whether he acquainted himself with the contents of the application or not. He had the power to so agree and, unless he was induced to make the agreement by fraud or imposition, is bound by his agreement and by the stipulations of the application. *Monitor Mutual Ins. Co.* v. *Buffum*, 115 Mass. 343, 345; *Grace* v. *Adams*, 100 Mass. 505. The application contained the clause following: "I hereby agree that all the following statements and answers, and all those I make to the company's medical examiner, in continuation of this application, are by me warranted to be true." Following this are certain questions and answers, the whole being subscribed by the insured, the plaintiff's brother. There is no claim that any statements made in the application are untrue. The opposite side of the sheet containing the application is headed "Medical Examiner's Report," and contains a large number of questions and answers and a certificate signed by the insured that his answers have been correctly recorded by the medical examiner. The third question, which was answered in the negative, is: "Have you had any of the following diseases?" among which are enumerated "E. Chronic or persistent cough or hoarseness, or spitting or coughing of blood, asthma or shortness of breath, or any chest or lung disease," and "N. Gravel, bladder or kidney disease." There was evidence that at various times the insured had suffered from a cold and cough and had been attended by a physician, to whom he complained at one time of shortness of breath existing for some two months, and that at another time he complained of urinary incontinence. Whether this evidence is sufficient to conclusively establish as matter of law the existence of either of the affections enumerated, to such an extent as to constitute disease within the fair meaning of the contract, is not considered, because a portion of the answers included under the

next two questions are false beyond dispute. The questions and answers are: "4. Give name and address of physician last consulted." *A.* "Dr. G. Morey, Manchester, N. H." "(a) When was he consulted?" *A.* "March, 1899." "(b) State nature of complaint." *A.* "Cold." "(c) Duration of complaint." *A.* "Few days." "5. What are the full particulars of any other illness or injury you have had, giving date, duration, and remaining effects, if any?" *A.* "None." It was conceded that the last physician whom the insured consulted was Dr. Wheat. There was evidence that he was treated by Dr. Murray at some time in 1899, and the evidence was not conclusive that he was not treated by Dr. Morey; for though the doctor, who was called as a witness, stated he had no recollection or record of having treated the insured, he declined to testify that he was not consulted by him. The plaintiff, however, testified that he was present at the medical examination, and that his brother told the examiner that he had been treated by Dr. Wheat and Dr. Murray. The application contains no warranty of the verity of the medical examiner's record; and unless estopped by the insured's certificate to its correctness, the conflict in the evidence would present a question for the jury. *Mutual etc. Co.* v. *Robison,* 58 Fed. Rep. 723,—22 L. R. A. 325. But the answer to the remainder of the question, as the case is understood, is conceded to have been untrue. The insured did not last consult a physician in March, 1899, for a cold of a few days' duration, but did consult Dr. Wheat January 6 and 20, April 2, 3, and 5, May 3 and 10, and June 1, 1900. During this time he was treated for a cough which was severe at times, and for grip. Upon the undisputed evidence, it could not be found that the last time the insured consulted a physician was in March, 1899, for a cold of a few days' duration; nor could it be found that the insured had had no illness other than a cold for a few days in March, 1899. As the jury could not find the statements were true, there was a breach of the warranty of their truth and the verdict was properly ordered for the defendants.

The plaintiff, however, claims that the statements were not warranties, but were representations which would not avoid the policy unless fraudulently made or material to the risk. Whether the parties have agreed that a particular statement shall be a material part of the contract,—a warranty instead of a representation,—is a question of the interpretation of the contract, and in some cases the ascertainment of their intent in this respect may be a matter of difficulty; but where, as in this case, the untrue statements are expressly described as warranties, there is little room for speculation as to what was meant. But since the question is the intent of the parties, it has been held that even where by the letter of

the contract the statements are made warranties, "that fact is not necessarily controlling if they are not warranties within its fair meaning and spirit. With respect to questions that relate to matters which the insurer must know are not within the personal knowledge of the applicant, and with respect to those that call, not for definite statements of fact, but for statements of belief or opinion (as, for instance, whether the applicant has ever had a certain obscure disease), the letter of the contract is to be controlled by its spirit and purposes, and the answers will be held warranties only of the *bona fide* belief and opinion of the applicant." *Dimick* v. *Insurance Co.* (N. J.), 55 Atl. Rep. 291, 294. If this principle is sound and could avail the plaintiff as to the inquiries relating to diseases had by the insured, it will not avail as to the inquiry as to the occasion of his last consulting a physician, which called for a mere matter of fact within the knowledge of the applicant. The company had a right to require, as a condition precedent to entering into the contract, that they should be truthfully informed as to how recently the applicant had need of medical advice. The statement was expressly made material to the contract, and is false beyond dispute. There is therefore no occasion to consider the question of insurable interest.

*Exception overruled.*

BINGHAM and YOUNG, JJ., did not sit: the others concurred.