Hillsborough, }
 Dec. 5, 1905. }

## DAVIS *v.* UNITED STATES HEALTH AND ACCIDENT INSURANCE CO.

A provision in a policy of indemnity against sickness, stipulating that no
  action shall be maintainable thereon before three months from the date on
  which proof of loss is required, is binding upon the insured, and is not
  rendered inoperative by the insurer's waiver of the right to insist upon the
  filing of formal proof.

ASSUMPSIT, upon a policy of indemnity against sickness. Trial
by jury. The defendants' motion for a nonsuit was granted, and
the plaintiff excepted. Transferred from the May term, 1905, of
the superior court by *Peaslee*, J.

No proof of loss was given to the defendants as required in the
policy, but the plaintiff claimed the defendants waived the right
to insist upon formal proof. It was provided in the policy that
"no action at law shall be maintainable before three months or
after six months from the date on which this policy requires
proof of loss to be filed." The action was begun within three
months of that time.

*David W. Perkins*, for the plaintiff.

*John O'Neill*, for the defendants.

WALKER, J. In *Tasker* v. *Insurance Co.*, 58 N. H. 469, it was
held that a condition in a policy of fire insurance, that no recovery
shall be had unless suit is brought within a given time, is valid
at common law. *S. C.*, 59 N. H. 438, 445. Although the legis-
lature has to some extent modified or changed this common-law
rule with reference to suits upon policies of fire insurance (Laws
1879, c. 13; P. S., c. 170, s. 18; *Franklin* v. *Insurance Co.*, 70
N. H. 251, 257), it is not claimed that the parties to a contract of
indemnity against sickness could not bind themselves by a stip-
ulation limiting the time before which, or after which, an action
might be begun for the recovery of the benefit. *Dwyer* v. *Insur-
ance Co.*, 72 N. H. 572, 573. As it was competent for the parties
to so agree, and as there is no suggestion of fraud practiced by
the defendant to induce the plaintiff to enter into the contract,
he became bound thereby. Nor, if it is assumed that the defend-
ant waived the provision requiring formal proof of loss, can it be
inferred that it also waived the provision protecting itself from an
action at law for three months from the time when the proof

should be filed, under the terms of the contract. The policy provided a definite time when the proof should be filed; and the fact that it was not filed at that time had no necessary effect upon the ·limitation of time for the bringing of a suit. The waiver of one condition does not involve the waiver of the other. As the plaintiff had voluntarily agreed not to sue the defendant at the time this action was begun, and as the restriction of his right in this respect does not appear to be frivolous, but may be a matter of some importance to the defendant, no error appears in the order for a nonsuit.

*Exception overruled.*

YOUNG, J., dissented: the others concurred.