**PATTERSON, Plaintiff-Appellee, v. MONUMENTAL LIFE INSURANCE CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20191.   Decided Jan. 28, 1946.

George J. McMonagle Esq., Cleveland, for plaintiff-appellee.

Burgess, Fulton & Fullmer, Cleveland, for defendant appellant.

## OPINION

By MORGAN, J.

In this case the plaintiff recovered a judgment for $1005.00 with interest upon a policy of life insurance on the life of her former husband, Philip Patrick Patterson issued on July 18, 1931. The policy provided that the said amount would be payable to the beneficiary on the actual death of the insured.

The record in this case discloses that Patterson disappeared in May, 1934, and has not·been seen or heard of since. He was last seen by his wife, the plaintiff, and one of their children, on Superior Avenue near East 71st Street in Cleveland, Ohio.

Patterson played a number of instruments and was a professional entertainer. He had a wide circle of friends. A year or so before his disappearance, he began to drink heavily, causing his wife to separate from him. He continued to see his four children of whom he was very fond. There was evidence that his heavy drinking had ruined his health. He drank denatured alcohol and "canned heat." When last seen his eyes were bloodshot and glassy and he was "bummish and trampish looking."

After Patterson disappeared, his wife continued to pay the premiums of 75c a week on the policy. These premiums were paid to the agent of defendant company who called weekly to collect them. After Patterson had been absent and unaccounted for for over eight years, the plaintiff as the beneficiary filed a claim on the policy on a form printed and submitted by defendant. It is entitled "Monumental Life Insurance Company. Declaration of Disappearance. Statement of Claim." The claim was rejected by the defendant and this action to recover on the policy was filed on March 28, 1944.

Plaintiff reported the disappearance of Patterson to the Cleveland Police Department, made inquires of Patterson's numerous friends, and made other efforts to ascertain whether he was still alive. All these efforts were unavailing. The defendant introduced no evidence.

The trial judge charged the jury that:

"If a person is continuously absent for seven years and his absence is not explained, a presumption is created of the death of such person."

He further charged:

"If you find by a preponderance of the evidence that Philip Patrick Patterson has been absent from his home or usual place of residence for a period of seven years and that such absence was continued and unexplained, and the presumption of death by reason of same, together with all the other circumstances existing in this case, makes it most probable and reasonable to find that he is actually dead, you would be warranted in finding for plaintiff in the sum of $1005.00 with interest from the 27th day of August, 1942."

The defendant appellant charged that the trial court erred in overruling defendant's motion for judgment in its favor upon the pleading and opening statement of counsel, and also in overruling the same motion made at the conclusion of all the evidence. Furthermore, that the court erred in his instructions to the jury.

Appellant's claims of error are based solely upon certain provisions of the policy of insurance. The policy provided:

"Endorsement at age 75.

Amount payable on the first anniversary of the date of the policy after the insured reaches the 75th birthday, or at death, if prior thereto. In full benefit immediately One Thousand and Five Dollars ($1005.00)."

The policy also contained the following provisions:

"The Company, in consideration * * * of the premium mentioned in the schedule below, and of a like premium to be paid weekly, hereby promises to pay subject to the conditions hereinafter set out, to the person then appearing as beneficiary, upon receipt of proofs of actual death of the in-

sured, as hereinafter required, the sum of money stipulated in said schedule" which was $1005.00. Paragraph 9th of the condition of the policy states:

"Disappearance of the insured for any period, shall not be construed as actual death within the meaning of this policy."

Clearly, if the above "ninth" condition is a valid provision, the court should have directed a verdict for the defendant in this case. The court, however, charged the jury as follows:

"It is the law, the court instructs you that it is, that this particular ninth clause is not operative by reason of public policy, because if it were operative, then a jury could not pass on the question of actual death and by public policy courts will permit a jury to pass upon the question of actual death or not, of the person in this case."

The giving of this charge was clearly error if the said "ninth" condition in the policy is valid and if so the defendant would be entitled to a final judgment in its favor. The question of the validity of the said "ninth" clause is the only question presented by the record in this case.

The defendant appellant asks for a reversal of this case on the authority of **McGovern v Brotherhood of Locomotive Firemen and Enginemen, 85 Oh St 460,** which affirmed without opinion the decision of the Cuyahoga County Circuit Court in 12 Ohio C. C. Rep. (N.S.) 137, where the facts of the case are to be found.

In that case McGovern became a member of the defendant, a fraternal benefit association in 1891. He disappeared on January 13, 1900 and for seven years subsequent to his disappearance, his wife, Margaret McGovern, paid the premiums and the assessments to defendant as required by the policy. In September, 1906, the defendant adopted a by-law that no liability should be incurred because of the disappearance of a member or of the presumption arising therefrom.

McGovern at the time he became a member of the fraternal benefit association "agreed to conform to all laws, rules, and regulations of the society then existing or that might thereafter be enacted." In its opinion, the Cuyahoga County Circuit Court stated:

"It is urged that this by-law not only limited the right to recover under the certificate but seeks to control the rules of

evidence which shall be applied by the courts; that it attemts to abrogate the rules of the court that proof of seven years absence unheard of shall be received as proof of death."

"The point would be well taken were the defendant an insurance company where the relation of company and policy holder is antagonistic but it has been repeatedly held that the mutual interests of the members of a fraternal benefit association warrant their regulating their own affairs to the entire exclusion of the courts."

In this case it is conceded that the defendant insurance company is a mutual insurance company and is not a fraternal benefit association.

While the words of limitation in the above opinion indicating that "where the relation of company and policy holder is antagonistic" a different result would be reached, are not happily chosen, we believe it clear that the circuit court intended to limit its decision to fraternal benefit associations.

The great weight of authority in this country is contrary to the decision of the Ohio courts in the McGovern case, even where the defendant insurance company is a fraternal benefit association.

In Appelman on Insurance Law and Practice, Volume 2, Page 69, §746, it is stated:

"Occasionally some insurance organization has placed in its policies.or in its by-laws some provisions attempting to limit the operation of the common law or statutory presumptions as to death arising from an absence of seven years or other fixed period. Where such provisions have boldly stated that the disappearance or continued absence of the insured shall be no evidence of death whatsoever or evidence of the insurer's liability, the tendency of the courts has been to declare them to be unreasonable limitations contrary to public policy and void."

Also, Couch on Insurance,, Vol. 1, page 720, §283:

"Considerable litigation has revolved around the question of the validity of a by-law of a mutual benefit association or society which in effect precludes recovery upon the presumption of death from seven years absence or, in other words, by-laws which destroy such presumption * * *. There is a square conflict of authority upon these various points but the great majority of the courts have denied validity to by-laws of the kind under consideration."

The courts generally base their decisions on the ground of public policy,—that the provision in the policy that under no circumstances shall disappearance of the insured for any length of time, be accepted as proof of death, is inherently unreasonable and unjust and constitutes an attempt to dictate to the courts rules of evidence by which death of the insured may be found.

Among the states which hold such a provision in a policy or by-law of a fraternal benefit association to be invalid are: California, Iowa, Kansas, Missouri, District of Columbia, Idaho, Texas, Washington, Minnesota and South Carolina. The most recent case is the South Carolina case of Dill v Sovereign Camp Woodmen of the World 25 S E (2nd) 285, 8 Life Cases, page .655, where a similar by-law of a fraternal benefit association was under consideration. It is fairly representative of the other cases. The South Carolina Court concluded its opinion as follows:

"The appeal presents a new question in this jurisdiction, but we are in accord with the sound reasoning of those courts which in passing upon the validity of by-laws similar to the by-law now before us, have held them to be null and void as violating public policy and upon the ground of unreasonableness. Upon these grounds we hold this by-law to be absolutely void, regardless of whether it was adopted before the issuance of the benefit certificate or after."

In accord with the contra decision in the McGovern case supra, are decisions in the State of New Jersey, and also at one time New York. However, in New York the earlier decision of Kelly v Supreme Council of Catholic Mutual Benefit Association, 61 N. Y. Supp. 394, Appellate Division, which was in accord with the McGovern case, was reversed by Shapiro v Independent Order Brith Abraham, 283 N. Y. Supp. 951, Appellate Division. In the latter case the court said:

"The view sustained by the weight of authority throughout the country that a by-law that deprives a person of the benefit of such statutes in connection with a benefit certificate, is invalid, should be here followed. Insofar as the Kelly case is to the contrary it is not approved."

A provision found in some policies is that death will not be presumed until the full term of the insured's life expectancy has expired. With reference to such a provision Appelman on Insurance Law states—Vol. 2 page 72:

"This provision also the courts have been inclined to hold bad although quite strong opposition is encountered in this regard."

Among the states holding such a provision invalid are Nebraska, Wisconsin, Idaho, Kansas, Georgia, Missouri and Tennessee. To the contrary is Steen v Modern Woodmen of America, 296 Ill. 104, and Lunt v Grand Lodge A.O.U.M. of Iowa, 209 Iowa 1138, 229 N. W. 323, reversing Fleming v Merchants Life Ins Col. 193 Iowa 1164.

Inasmuch as the question is not before us we do not express an opinion on the validity of such a provision.

We do not believe it desirable or necessary to discuss all of the cases on this subject. A statement and annotation of all the pertinent cases which have been decided in this country will be found in:

Appelman on Ins. Vol. 2 page 69, §746 et seq

1 Couch on Insurance Law, page 720, §283 et seq

Couch on Insurance 1945 Cumulative Supplement Vol 1 page 329 et seq.

Annotations in 17 A.L.R. 1418; 21 A.L.R. 1340; 36 A.L.R. 982; 40 A.L.R. 1274.

It is noteworthy that the above cases deal uniformly with provisions of policies or by-laws of fraternal benefit associations. In no case that we have found is a policy of a mutual or "old line" insurance company involved. This may be due to the fact that mutual or "old line" insurance companies have not generally inserted such a provision in their policies because such companies have not found such a provision necessary to protect them from fraudulent claims.

On the other hand, gross injustice may be and no doubt is caused by provisions similar to the "ninth" condition of the policy in this case. This defendant insurance company continued to receive premiums on this policy, through their own collecting agent, many years after the disappearance of the insured. Under the policy it would be possible for them to continue to receive premiums for a period long beyond Patterson's life expectancy but there would be no possible recovery on the policy in the absence of actual proof of death. We hold as most American cases have held that such a provision in this case is unjust, against public policy, and void.

We find no prejudicial error in the record and the judgment is affirmed.

SKEEL, P. J., & LIEGHLEY, J., concur.