GEORGIA TRADING COMPANY *v.* MARION COUNTY.

The progress of an execution issued by the tax-collector in due form for State and county taxes can not be properly resisted by interposing an affidavit of illegality.

Submitted November 22, — Decided December 12, 1901.

Affidavit of illegality. Before Judge Butt. Marion superior court. April 22, 1901.

*W. B. Short* and *George P. Munro*, for plaintiff in error.

*Simeon Blue* and *W. D. Crawford*, contra.

LEWIS, J.　To the levy of an execution for State and county taxes, issued by the tax-collector of Marion county against the Georgia Trading Company, the defendant in execution filed an affidavit of illegality, alleging that it had fully paid its taxes for the year for which the tax execution issued. Counsel for the county moved orally to dismiss the illegality, on the ground that the law does not allow an illegality to be filed to a tax fi. fa. The court sustained this motion and dismissed the affidavit; whereupon the defendant in execution brought the case to this court by bill of exceptions. This case would seem to be decided by the provisions of the Political Code, § 903, which declares that no judicial interference shall be had in any levy or distress for taxes under the provisions of the code, but that the party injured shall be left to his proper remedy in any court of law having jurisdiction thereof. The language of the section, "any levy or distress for taxes under the provisions of this code," is certainly broad enough to cover the levy in the case under consideration. The principle is also well settled by numerous decisions of this court. See *Hawkins* v. *County*, 57

*Ga.* 166; *Mechanics B. & L. Ass'n.* v. *Peter,* 63 *Ga.* 351, and cases cited. It follows that the court below did not err in dismissing the affidavit of illegality.

*Judgment affirmed. All the Justices concurring.*