### BECKER v. INTERSTATE BUSINESS MEN'S ACC. ASS'N OF DES MOINES, IOWA.

(Circuit Court of Appeals, Eighth Circuit. April 29, 1920.)

No. 5368.

1. **Contracts** ⬤127(3)—**Eyewitness clause in accident policy valid.**
 A provision of an accident policy that "there shall be no liability * * * for the payment of any sum on account of a bodily injury produced by (1) the discharge of fire arms; (2) poison; (3) or where the body is not recovered and fully identified, unless the claimant shall establish the accidental character of the injury by a person, other than the member or the claimant, who was an eyewitness of all the circumstances of the casualty," *held* not contrary to public policy, valid, and to apply in case of injuries causing death.

2. **Contracts** ⬤101(2)—**Public policy affecting validity is that of forum.**
 Whether a provision of a contract is invalid, as contrary to public policy, is to be determined by the public policy in force in the state where the contract is sought to be enforced, either general or established by its Constitution or statutes, or by the decisions of its highest courts.

3. **Insurance** ⬤395, 559(2)—**Right to contest sufficiency of proofs of loss not lost by refusal to pay policy on other ground.**
 Refusal of an accident company to pay a death claim after receipt of proofs, on the ground that "the loss is not covered by the policy," *held* not an acceptance of the proofs as sufficient, nor a waiver of any defense it might make under the policy, such as that the injury was not established by an eyewitness.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Carrie E. Becker against the Interstate Business Men's Accident Association of Des Moines, Iowa. Judgment for defendant and plaintiff brings error. Affirmed.

Jean Madalene, of Wichita, Kan. (Thomas C. Wilson and Charles B. Hudson, both of Wichita, Kan., on the brief), for plaintiff in error.

R. M. Haines and Dunshee, Haines & Brody, all of Des Moines, Iowa, and Kos. Harris and V. Harris, both of Wichita, Kan., for defendant in error.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. Judgment was rendered in favor of the defendant in this action which was a suit to recover upon a beneficiary certificate issued by the defendant to the plaintiff's husband. The trial was to the court upon a stipulation of facts, and the questions presented are whether the pleadings and facts support the judgment. The parties will be referred to as they were named in the District Court. Plaintiff's husband a resident of Kansas, mailed a written application for membership, accompanied by the membership fee, to the defendant, a mutual assessment health and accident association incorporated under the laws of Iowa and having its principal place of business at Des Moines. Upon receipt of this communication at Des Moines, the defendant executed its certificate of membership to plaintiff's husband and deposited it in the mails, addressed to the insured at Wichita, Kan., and the insured received it there. The insured thereafter made the periodical payments required under the terms of the certificate by mailing them to the defendant at Des Moines. The plaintiff is the widow of the insured. The insured, while the certificate was in force, was injured by the discharge of a firearm and died as a result of that injury. The defendant was notified of the injury, and plaintiff furnished proofs of the injury and death; the proofs showing an injury to her husband by the discharge of a firearm and his death as the direct result of that injury. The defendant on October 30, 1917, notified the plaintiff that it rejected her claim, "owing to the fact that the loss is not covered by the policy" issued to her husband. In the stipulation of facts is this statement:

"That the plaintiff is unable to produce any person who was an eyewitness to all the circumstances of the casualty, or to furnish any evidence showing by whom the firearm was discharged, or the manner and method by which said injury was produced, except as appears in the testimony of Mrs. Gladys Rummel and Miss Blanche Mustoe, who would testify as follows, to wit: 'That on May 10, 1917, at about 10:45 p. m., Mrs. Gladys Rummel and Miss Blanche Mustoe, then and now residing at 726 N. Market, Wichita, Kansas, and adjacent to the spot where deceased was found wounded, while preparing to retire for the night on the said 10th day of May, 1917, heard a shot, followed by the exclamation, "Don't shoot, Mister! Don't shoot!" That the exclamation aforesaid was immediately followed by a shot similar to the first. That shortly after the firing of the shots the insured, Jacob P. Becker, was found near the sidewalk adjacent to the premises occupied by the said Mrs. Rummel and Miss Mustoe, and when found the said Jacob P. Becker was disabled by the

gunshot wound, from which death resulted.' It is hereby further stipulated that neither Mrs. Rummel nor Miss Mustoe saw anything and cannot identify the voice."

By the terms of the certificate the defendant agrees, "subject only to the limitations, exceptions, and conditions contained in divisions 3, 4, 5, 6, and 7 of this certificate," to pay to the member or beneficiary named certain benefits and indemnities "for loss of life, limb, sight, or time, on account of bodily injuries sustained by the member," while engaged in certain occupations, "effected directly and independently of any other contributing, concurring, or intervening cause by external, violent and accidental means." After referring to the different sorts of losses more specifically, and grading the indemnities to be paid therefor, the certificate continues as follows:

"Excepted Risks.

"4a. The association shall not be liable for the payment of any sum whatsoever, if such injury be sustained at a time when the member is: (1) Insane; (2) not in the full possession and normal exercise of all his faculties; (3) engaging in any act in violation of any law or ordinance; (4) or if the injury be produced by the intentional act of a person whether sane or insane.

"Cases Requiring Special Proof.

"5a. There shall be no liability on the part of the association for the payment of any sum on account of a bodily injury produced by (1) the discharge of firearms; (2) poison; (3) or where the body is not recovered and fully identified, unless the claimant shall establish the accidental character of the injury by a person other than the member or the claimant, who was an eyewitness of all the circumstances of the casualty."

[1, 2] The latter provision, embraced in division 5a, will for convenience be hereafter referred to as the "eyewitness clause." The plaintiff claims that the portion of this clause which declares that there shall be no liability unless the claimant shall establish the accidental character of the injury by a person, other than the member or the claimant, who was an·eyewitness of all the circumstances of the casualty, is void and of no effect, because it is contrary to public policy. It is said to be against public policy, because it undertakes, by a ·contract between the parties, to define the evidence that may be used in an action on the certificate; that the courts may not be controlled in deciding what is legal evidence of death by a contract that only proof by an eyewitness shall be competent. It is the public policy in force in Kansas, where this action was brought, which is to be sought (The Kensington, 183 U. S. 263, 269, 270, 22 Sup. Ct. 102, 46 L. Ed. 190; Kennett v. Chambers, 14 How. 38, 52, 14 L. Ed. 316; Swann v. Swann [C. C.] 21 Fed. 299, 300; The Guildhall [D. C.] 58 Fed. 796, 799; Parker v. Moore, 115 Fed. 799, 802, 53 C. C. A. 369; Grosman v. Union Trust Co., 228 Fed. 610, 612, 143 C. C. A. 132, Ann. Cas. 1917B, 613; Story ·on Conflict of Laws, § 244; 12 Corp. Jur. 439); and this public policy, if not controlled by the Constitution, treaties, or laws of the United States, or by the principles of the commercial or mercantile law or of general jurisprudence, is governed by the laws of the state as disclosed by the constitution or statutes or by the decisions of its highest courts (Hart-

ford Ins. Co. v. Chicago, Milwaukee & St. Paul Railway Co., 175 U. S. 91, 100, 20 Sup. Ct. 33, 44 L. Ed. 84).

Reliance is placed by plaintiff upon the decision in Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308, and other cases upon policies of insurance having similar provisions, as a declaration of this public policy. In the McConkey Case no question of the invalidity of any provision of the policy was decided. The policy provided that it did not extend to any case of death or personal injury, unless the claimant established by directed and positive proof that it was caused by external violence and accidental means. It was necessary to construe these terms, and it was held that the requirement of direct and positive proof did not make it necessary to establish the death and its circumstances by persons who were actually present at the injury. In support of a claim that the general principles of law condemn such a provision, plaintiff cites the decision of Utter v. Travelers' Ins. Co., 65 Mich. 545, 32 N. W. 812, 8 Am. St. Rep. 913; Travelers' Ins. Co. v. Sheppard, 85 Ga. 751, 12 S. E. 18; Reynolds v. Equitable Accident Ass'n, 59 Hun (N. Y.) 13, 1 N. Y. Supp. 738; Sovereign Camp of Woodmen of the World v. Robinson (Tex. Civ. App.) 187 S. W. 215; Bankers' Health & Accident Ass'n v. Wilkes (Tex. Civ. App.) 209 S. W. 230.

There are expressions of opinion in these cases, chiefly by way of dicta, that lend some support to plaintiff's contention by analogy. The theory sought to be upheld seems to be that the parties to a contract may not stipulate what evidence shall be received by the courts to prove the fact of an accidental death, but they ignore the contract of the parties that only a particular kind of death is insured against, and hence that it is only the fact of that particular sort of accidental death that is relevant. A contract to pay the amount of the policy only in case an injury or a death is proved in a certain and described manner is treated as though it were a contract to pay for such injury or death if it is proved in any manner. We see no reason why parties may not contract, if they so desire, that the insurance shall be paid only for an injury that is established by the testimony of one or more eyewitnesses who have no interest in its payment.

Some of the conclusions to the contrary in the cases referred to do not impress us as sound. It is difficult to understand why, for example, the parties may not lawfully contract for insurance payable for a death other than one presumed from unexplained and long absence, or for a death by accident other than one presumed by law to be accidental, or for a death which occurs in the presence of eyewitnesses or where the body is found. It is much more difficult to understand why, if the contract makes the insurance payable for a death, but provides that unexplained long absence shall not be evidence of death, or makes the insurance payable for accidental death, but provides that the mere fact of death shall not be evidence of accident, or makes the insurance payable for death, but provides that there must be evidence of it by an eyewitness, or makes the insurance payable for death, but provides that there must be proof that the

body was found, such contracts are any different in legal effect. Such contracts do not attempt to limit the courts in the construction of their terms, or as to what is competent proof of a relevant fact, but do limit the risks to which the contracts apply. The right to limit the risks insured against is essential both to the right of freedom of contract and to the successful conduct of the business of insurance. The general purpose and effect of such condition is to discourage self-inflicted injuries and suicide by the insured. The reasons for the incorporation of such restrictions as those which require the facts of the accident to be established by eyewitnesses has been stated in Lewis v. Brotherhood Accident Co., 194 Mass. 1, 79 N. E. 802, 17 L. R. A. (N. S.) 714, where one similar to that in controversy was treated as valid. That such a provision is not against public policy has been expressly decided in Moses v. Illinois Commercial Men's Ass'n, 189 Ill. App. 440; Roeh v. Business Men's Protective Ass'n, 164 Iowa, 199, 145 N. W. 479, 51 L. R. A. (N. S.) 221, Ann. Cas. 1915C, 813; Lundberg v. Interstate Business Men's Acc. Ass'n, 162 Wis. 474, 156 N. W. 482, Ann. Cas. 1916D, 667. See, also, Kelly v. Supreme Council, 46 App. Div. 79, 61 N. Y. Supp. 394; Porter v. Home Friendly Soc., 114 Ga. 397, 41 S. E. 45. And we agree with the conclusion reached in those cases, and think the provision in the contract does not contravene any general rule of public policy applicable to such contracts.

The plaintiff also relies upon a decision by the Supreme Court of Kansas in Hannon v. Grand Lodge, A. O. U. W. of Kansas, 99 Kan. 734, 163 Pac. 169, L. R. A. 1917C, 1029, as a statement of the public policy in force in that state. In that case an action had been brought upon a certificate of a fraternal beneficiary association to recover because of the death of the insured. The appeal from the judgment was decided upon the grounds that the appeal had not been taken in time, and because the by-law in question did not govern the rights under the certificate sued upon, as it had been adopted subsequently to the issuance of the certificate. The by-law provided that mysterious disappearance or unexplained absence of a member should never be considered proof or evidence of the death of such member. In discussing this by-law the court referred to and quoted from the case of Utter v. Travelers' Ins. Co., supra, but the ground for the decision was not finally placed upon the reasoning there employed, but upon the delay in perfecting the appeal. The case cannot, therefore, either be regarded as a decision upon the point now involved, nor upon one so analogous as to conclude the validity of the certificate involved in this case.

Another claim of plaintiff is that the provisions of division 5a of the certificate, the eyewitness clause, apply only to injuries not causing death and not to a case of death. In support of this contention it is said that the use of the word "injury" in that clause, not coupled with the word "death," expresses the intention of the parties that death may be proved otherwise than by an eyewitness. Considering the language of this clause without reference to the remainder of the certificate, this construction leads to an absurdity,

because the part of that clause which reads, "There shall be no liability on the part of the association for the payment of any sum * * * (3) or where the body is not recovered and fully identified, unless the claimant shall establish the accidental character of the injury" by an eyewitness, would have no sensible meaning, if the clause referred only to an injury not resulting in death, as it is unreasonable to suppose the parties referred to a recovery and identification of the body of a person who is merely injured. When the clause is considered with the related portions of the certificate, it is observed that the agreement to pay is only in the event of loss of life, loss of limb, loss of sight, or loss of time; but in each of these cases the loss must be on account of bodily injuries sustained by the member. If the certificate had insured the member against death or bodily injury, there would be some basis for plaintiff's contention that the word "injury" in the eyewitness clause did not refer to death; but as the insurance is only against bodily injuries, and then only against four results from such injuries, the exception that there "shall be no liability * * * on account of a bodily injury," unless it is circumstantially established by an eyewitness, covers the entire field of liability, even though death results.

In the cases of Iowa State Traveling Men's Ass'n v. Ruge, 242 Fed. 762, 155 C. C. A. 350, and Interstate Business Men's Accident Ass'n v. Dunn, 178 Ky. 193, 198 S. W. 727, relied upon by plaintiff, there was no such plain indication of the intention of the parties that the eyewitness clause should apply both to injuries and to death from injuries as is here manifested by the provision relating to the recovery and identification of the body, and this and other vital differences in the contracts involved make them inapplicable to the facts in this case. The stipulation of the parties on which the case was submitted, declares that the plaintiff is unable to produce any person who was an eyewitness to all the circumstances of the casualty, or to furnish any evidence showing by whom the firearm was discharged, or the manner or method by which the injury was produced, except as appears in the testimony which has already been quoted. It is not very strongly urged that this evidence establishes, by an eyewitness of all the circumstances of the casualty the accidental character of the injury, and such a claim cannot be sustained, because there is no testimony by one who was an eyewitness; that is, by one who had ocular view, of any part of the casualty, nor even of any circumstances immediately preceding or following it. Lewis v. Brotherhood Accident Co., supra. There was no contract that the circumstances of the casualty could be proved by one who heard what occurred, nor that inferences and presumptions could supply what was lacking in the testimony of eyewitnesses. The facts shown do not make it impossible that the death occurred otherwise than from accident, and it was incumbent on the plaintiff to show the accidental character of the injury by one who saw the essential circumstances of its happening.

[3] The plaintiff also contends that the defendant has waived its right to make the defense that there was no eyewitness of the injury

265 F.—33

to the insured. In support of this claim she adopts a theory that the certificate limits the grounds of nonliability to those mentioned in division a, which has been quoted. Upon this premise the conclusion is based that the statement of the defendant in its letter of October 30, 1917, to the plaintiff, rejecting her claim for payment, "owing to the fact that the loss is not covered by the policy," was an election to stand on a defense of an excepted risk under the provisions of division 4a. She also contends that this refusal to pay upon the grounds stated was an acceptance, as sufficient, of the proofs of loss furnished. The stipulated facts show that the plaintiff furnished proofs of injury and death, and these proofs showed the injury to the insured by the discharge of a firearm, and his death occurring directly as a result of such injury. It is apparent from the terms of the policy that the exceptions mentioned in division 4a do not embrace all of the excepted risks, for the words of section 5a are that "there shall be no liability" for an injury not established by an eyewitness. The denial of liability by the defendant in stating that "the loss is not covered by the policy" was a denial of liability generally under the certificate, and was not a selection of any particular ground mentioned in the certificate. Neither was there an acceptance of the proofs as sufficient. The certificate required (division 6) the claimant to submit proofs covering the occurrence, character, and extent of the loss. The stipulated facts show that the proofs submitted covered the occurrence and the extent of the loss, that is, that the insured was injured by the discharge of a firearm and that he died as the direct result of such injury; but they did not show the character of the loss, as it was understood by the parties to the contract, as a' happening in the presence of an eyewitness. The refusal to pay was not an acceptance of the proof of loss, but a plain rejection of them as insufficient to establish a, claim under the certificate. The eyewitness clause contains a provision that there shall be no liability where the body is not recovered and identified unless there was an eyewitness other than the claimant. If a member had been drowned by a possible accident, with no witness to the accident but the claimant, and the body had never been recovered, it could hardly be claimed that the insurance company accepted proof of loss as sufficient, when they failed to show the recovery of the body or the presence of a competent witness, because it denied liability under the certificate in general terms. The company was not bound to specifically state the grounds of its claim of nonliability and it in no way misled the plaintiff by its statement, nor did it indicate any waiver of any ground of lack of liability which the certificate provided for.

The judgment will be affirmed.