No. 25,924.

CARRIE E. J. SCHUMACHER, *Appellant*, v. NATIONAL TRAVELERS
BENEFIT ASSOCIATION OF DES MOINES, IOWA, *Appellee*.

SYLLABUS BY THE COURT.

INSURANCE — *Accident — Provision Restricting Liability — Nature and Effect.*
The following provision contained in an accident insurance policy is not
invalid:

"This certificate shall not extend to nor cover nor is any indemnity
promised for . . . bodily injuries resulting from the discharge of a fire-
arm, unless the claimant shall establish the accidental cause of the dis-
charge by the testimony of a person other than the injured or the claimant, ·
who actually saw the accidental cause in operation."

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed
May 9, 1925. Affirmed.

*Ira E. Lloyd,* and *N. F. Nourse,* both of Ellsworth, for the appellant.

*Samuel E. Bartlett,* of Ellsworth, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   The plaintiff appeals from a judgment in favor
of the defendant on an accident insurance policy issued in her favor
on the life of her husband, A. H. Schumacher, who died from a gun-
shot wound.

The policy contained the following provision:

"This certificate shall not extend to nor cover nor is any indemnity promised
for injuries sustained while riding a motor cycle, nor injuries received at a
time when the assured is under the influence of intoxicating liquors or nar-
cotics, nor injuries received from wars or riots, nor bodily injuries resulting
from the discharge of a firearm, unless the claimant shall establish the acci-
dental cause of the discharge by the testimony of a person, other than the
injured or the claimant, who actually saw the accidental cause in operation."

No one saw the accident and no other person was present when
Schumacher was shot, except a two-year-old child.  The defend-
ant pleaded the quoted provision of the policy and alleged that the
plaintiff had not submitted adequate proofs of accidental death
and was not entitled to recover.  The cause was tried to a jury,
which returned a verdict in favor of the plaintiff and answered
special questions, which were supported by evidence and which
showed that the deceased had met his death by the accidental dis-
charge of a shotgun.

The case turns on the validity of the above-quoted provision of

the policy. Such provisions have been upheld. (*Becker v. Interstate Business Men's Acc. Ass'n,* 265 Fed. 508; *Roeh v. Protective Ass'n,* 164 Iowa 199; *Moses v. Illinois Commercial Men's Ass'n,* 189 Ill. App. 440; *Lundberg v. Interstate B. & M. Acc. Asso.,* 162 Wis. 474.) On the other hand, such provisions have been held invalid on the ground that the evidence by which facts can be proved cannot be controlled by contract because such contracts are against public policy. (*Utter v. Insurance Co.,* 65 Mich. 545; *Rollins v. Business Men's Acc. Assn. of Am.,* 204 Mo. App. 679; *Modern Woodman of America v. Michelin,* 101 Okla. 217.) It is not pretended that these are the only cases which have been before the courts in this country where the validity of provisions like the one in question in the present case has been considered. In a number of cases where the question has been presented the courts have not directly decided the question, but have decided the cases on matters incidental or collateral to the questioned provision. There is an irreconcilable conflict in the decisions.

This court in *Hannon v. United Workmen,* 99 Kan. 734, said:

"A by-law of a fraternal beneficiary association providing that 'mysterious disappearance or unexplained absence of a member shall never be considered proof or evidence of death of such member' does not prevent the application of the usual rule as to unexplained absence under certain circumstances being sufficient to raise a presumption of death, in the trial of an action brought upon a certificate issued before its adoption." (Syl. ¶ 4.)

It should be noted that the by-law there stated to be invalid was passed by the society after the insured had become a member, and the statement appears to have been based at least partly upon that fact.

The provision in question is a limitation on the liability of the insurer, not a stipulation by which certain facts must be proved. The company had the right to make a contract limiting its liability. The insured accepted the policy with that limitation in it. The insurer and the insured were capable of contracting. They made a contract. This court will not change that contract by holding one of its provisions invalid, thereby creating a liability against the insurer when it had stipulated at the time the contract was made that it would not be liable under the conditions named.

The judgment is affirmed.

MASON, J. (concurring specially): I concur upon the ground that the clause in question, so far as is vital here, relates essentially

to the character and circumstances of the accident insured against, rather than to the court procedure by which a fact may be established. I think it not entirely inappropriate to suggest a matter not presented and not arising upon the record: The defendant is an Iowa corporation. As shown in the foregoing opinion, the supreme court of that state holds such a clause to be valid. That consideration, if it had been invoked, would appear to be controlling. (*Modern Woodmen of America v. Mixer,* decided by the federal supreme court April 13, 1925.)

JOHNSTON, C. J., HARVEY and HOPKINS, JJ., dissenting.