**SOUTHERN TRAVELERS' ASS'N v. SHATTUCK. (No. 3509.)**

Court of Civil Appeals of Texas. Texarkana. Feb. 9, 1928.

Rehearing Denied Feb. 16, 1928.

1. Contracts ⟨⬥⟩127(3)—Provision in by-laws excluding association's liability for death from accidental discharge of firearms, in absence of eyewitnesses, held valid (Rev. St. 1925, art. 4784).

Provision in by-laws of mutual accident and health association, organized under Rev. St. 1925, art. 4784, releasing association from liability for death of member caused by "gunshot wounds or the alleged accidental discharge of firearms when there is no eyewitness except the member himself," *held* valid and enforceable, as in the nature of an excluded risk, and provision was not objectionable as attempting to provide rule of evidence to regulate court procedure.

2. Insurance ⟨⬥⟩646(8)—Plaintiff had burden of proving by-laws of association part of contract giving plaintiff right of recovery (Rev. St. 1925, art. 4784).

Membership certificate in mutual accident and health association, organized under Rev. St. 1925, art. 4784, providing member was entitled to benefits under conditions provided for in articles and by-laws made part of contract, was insufficient to sustain any recovery on death of member without proof of portion of by-laws involved.

3. Insurance ⟨⬥⟩133(1)—Certificate of membership in mutual accident and health association, referring generally to articles and by-laws, held valid (Rev. St. 1925, arts. 4784, 4797).

Certificate of membership in mutual accident and health association, organized under Rev. St.

1925, art. 4784, providing member was entitled to benefits under conditions and limitations provided by articles and by-laws, which, together with application, were made part of contract, *held* not void under article 4797, for failure to specify or particularize entire subject-matter of insurance by express reference to association's by-laws.

**4. Insurance ⬅54—Mutual accident and health association's by-laws enacted within charter are valid (Rev. St. 1925, art. 4784).**

By-laws of mutual accident and health association, organized under Rev. St. 1925, art. 4784, are valid when enacted within limits and by virtue of the power conferred by the charter of the association.

**5. Insurance ⬅133(1)—By-law provision of mutual association, exempting liability for accidental discharge of firearms in absence of eyewitnesses, held not repugnant to certificate (Rev. St. 1925, arts. 4784, 4794, 4797).**

Provision in by-laws of mutual accident and health association, organized under Rev. St. 1925, art. 4784, exempting association from liability for "accidental discharge of firearms when there is no eyewitness except the member himself," *held* not invalid as repugnant to certificate given under article 4794, giving member benefits subject to articles and by-laws, notwithstanding article 4797, relative to contents of certificate.

**6. Insurance ⬅665(5)—Recovery for death of member of accident and health association killed by accidental discharge of gun while hunting held precluded by by-law provision exempting liability for gunshot wounds inflicted in absence of witnesses (Rev. St. 1925, art. 4784).**

By-law provision of mutual accident and health association, organized under Rev. St. 1925, art. 4784, exempting association from liability for "gunshot wounds or the alleged accidental discharge of firearms when there is no eyewitness except the member himself," *held* to prevent recovery for death of member from gunshot wounds while hunting ducks, where neither members of hunting party nor any one else was shown to have been present at time of discharge of the gun.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Action by Dessie Shattuck against the Southern Travelers' Association. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

See also, 298 S. W. 461.

On November 23, 1926, W. F. Shattuck died as a result of gunshot wounds. His wife submitted proofs to the Southern Travelers' Association, claiming that the death was a direct consequence of accidental discharge of the gun, occurring while her husband was hunting wild ducks at Duren Lake in Cherokee county. After the receipt of proofs, the association refused payment of the claim, on the ground that the insurance did not ex-

tend to any case of death by gunshot wounds which was lacking the testimony of an eyewitness to establish the accidental character of the death. The appellee, as a beneficiary, then brought the suit to recover benefits under the following certificate:

"Classes EE and BB.      No. 3725.

"Southern Travelers' Association,

"Health and Accident Protection,

"Dallas, Texas.

"This certifies that W. F. Shattuck is a member of the Southern Travelers' Association, and, while in good standing, is entitled to benefits in such amounts, and under such conditions and limitations, as may be provided for in the articles of incorporation and by-laws of said association in force on the date of the happening of the event on account of which any claim, under this certificate, is made, said articles of incorporation and by-laws. the application for membership, and this certificate shall constitute the contract between the holder hereof and said Southern Travelers' Association.

"In accordance with the Revised Civil Statutes of the State of Texas of 1925, art. 4794, the following indorsement is made: 'The payment of the benefit herein provided for is conditioned upon its being collected by this company from assessments and other sources as provided in its by-laws.'

"In witness whereof, we have hereunto affixed our official signatures and impressed the corporate seal of the association at Dallas, Texas, this 6th day of October, A. D. 1926.

"[Seal]      F. H. Kidd, President.

"J. V. Hardy, Secretary."

The following is subjoined:

"Notice.

"Members of classes A, C, or E, accident, must call a physician or surgeon immediately, and notify the office of the secretary within thirty days, to recover benefits herein.

"Members of classes B or F, sickness, receive benefits after first personal visit of a physician and must notify the office of the secretary immediately to receive benefits herein.

"The beneficiary of class D, burial fund, which is an auxiliary, will get remittance by wire or messenger immediately upon confirmation of death of a member without delay or waiting for detailed proof.

"Pay all premiums and calls promptly, which will prevent suspension."

"Membership Classifications.

"Class E—Monthly income accident protection, principal sum, $6,000.00. Total disability for two years, per month, $100.00.

"Class B—Sickness and diseases, with few exceptions. For total confinement within doors, not to exceed one year, following first week total confinement, per week, $25.00. For first week total confinement, $10.00.

"(See by-laws for accurate details.)"

The appellant is a mutual assessment accident and health insurance association, organized and incorporated under the laws of this state (article 4784, R. S. 1925). Its busi-

ness is conducted upon the assessment plan, with no capital stock and without lodges. Its by-laws, duly adopted and in force at time of certificate and death, provided, as material to state, as follows:

"Section 4, art. 2. Upon the acceptance of the application of any person for membership herein there shall be issued to him a policy or membership certificate specified by the board of directors, or a committee thereof, signed by the president and secretary, and the said policy or membership certificate of insurance, together with the application of said member for membership in the association, the articles of incorporation, and the by-laws of the association shall be considered in each case the entire contract between the member and this association.

"Article 3. This association will indemnify its members as follows:

"Class E.
"Class C.
"Class D.
"Class B.
"Class F.
"Class A.

"Section 1, art. 3. Whenever a class E member of this association in good standing, while said member's certificate of membership is in force, shall through external, violent and accidental means, independent of all other causes, receive bodily injury, resulting in disability or death, the member or beneficiary shall be paid by the association, except as herein provided, upon receipt of proof, satisfactory to the board of directors, or a committee thereof (or if loss from such disability or injury results in death within six months) the amount as named below:

"Accidental death, $6,000.00," etc.

"Section 5, art. 3. This association shall not be liable when death or disability is caused wholly or in part by any bodily or mental infirmity, dueling, wrestling, in aerial navigation, voluntary or unnecessary exposure to danger, or when the member dies as the result of injuries sustained, as a result of gunshot wounds or the alleged accidental discharge of firearms when there is no eyewitness except the member himself, suicide," etc.

The appellee pleaded and offered in evidence the charter and by-laws. The appellant does not deny liability for the sum of $6,000 if it is liable at all in the circumstances of the casualty.

At the time of his death, W. F. Shattuck was in good standing as a member of the association. It was proven that W. F. Shattuck and three other persons went wild duck hunting on Duren Lake in Cherokee county. The lake is owned by a club of which the hunting party were members. In the latter part of the afternoon Mr. Shattuck was found by the other three members of the party, lying dead on the ground at a duck blind on the edge of the lake, his shotgun lying near him with one barrel discharged. Mr. Shattuck was shot in the breast, and the wound, as the doctor testified, was necessarily fatal. All three members of the party testified that no one of them was present or in view of the occurrence at the time or before the discharge

of the gun. There is no pretense in the evidence that an eyewitness saw the occurrence. The quotation from evidence of Mr. Foss briefly shows the occurrence:

"We have blinds in different places on the lake. I saw W. F. Shattuck go in a blind. About thirty minutes afterwards I heard a gun fire. I was between a quarter and half mile away. * * * Mr. Shattuck did not come into the clubhouse as arranged that evening, so we decided to go and see what was the matter. We all went to the blind and found him there lying dead between the boat and the blind, his head towards the boat. I did not see him at the time he was shot."

The other members of the party all testified substantially the same thing. On crossexamination, the appellant sought to elicit from the witnesses a motive and reason for suicide by the deceased. The jury found that the death was the result of accidental discharge of the gun and not suicide.

The court, in keeping with the finding of the jury of accidental death, entered judgment for the plaintiff. Judgment was also entered awarding mandamus to compel the levying and collection of assessments.

The appellant asked a peremptory instruction upon the ground that the death was conclusively shown to be an excepted risk; namely, "When the member dies as the result of gunshot wounds or the alleged accidental discharge of firearms when there is no eyewitness except the member himself." The court refused the instruction, and exception was duly reserved. Complaint is also made of the award of mandamus in the manner done.

W. H. Shook, of Dallas, and W. T. Norman, of Rusk, for appellant.

Perkins & Perkins, of Rusk, for appellee.

LEVY, J. (after stating the facts as above). The appellee offered in evidence, as constituting the contract of insurance, the benefit certificate and the by-laws of the association. Section 5, art. 3, of the by-laws, reads:

"This association shall not be liable when death or disability is caused wholly or in part by * * * gunshot wounds or the alleged accidental discharge of firearms when there is no eyewitness except the member himself."

[1] It was conclusively shown that the death of the insured resulted from the discharge of firearms in the absence of eyewitnesses. Whether or not the discharge of the gun was of accidental nature rests upon inferences from the circumstances proven. Therefore, was the appellant entitled to have the requested peremptory instruction given to the jury to return a verdict in its favor? The appellee insists that the instruction was properly denied because of two things: (1) The provision of the by-law was invalid because simply a rule of evidence to regulate the pro-

cedure of the courts; (2) the statute requires the benefit certificate to specify the contingency insured against, and the certificate insuring against accidental death may not be avoided by the repugnant by-law provision. It is apparent that the quoted provision has the object in view, not of providing simply a rule of evidence to modify or control the procedure of the courts, but of fixing a condition or excepted risk under which the association would not become liable to pay any amount of insurance to the insured or his beneficiary. Death by discharge of firearms where there are eyewitnesses, and death by discharge of firearms where there are no eyewitnesses, are thus placed into two separate classes, the one class insured against and the other class excluded from indemnity. The exception, or exclusion, is evidently for the protection against probable fraud upon the association through suicide by means of firearms. A provision of the same kind and form has been held valid, as being simply in the nature of a specially excepted risk or contingency. 14 R. C. L. p. 1265, § 441; Roch v. Ass'n, 164 Iowa, 199, 145 N. W. 479, 51 L. R. A. (N. S.) 221, Ann. Cas. 1915C, 813; Lundberg v. Ass'n, 162 Wis. 474, 156 N. W. 482; Becker v. Ass'n (C. C. A.) 265 F. 508; Connell v. Ass'n, 139 Iowa, 444, 116 N. W. 820; Schumacher v. Ass'n, 118 Kan. 523, 235 P. 844. Quoting from the Becker Case, supra, as showing that it was not merely intended to change or alter rules of evidence:

"Only a particular kind of death is insured against, and hence that it is only the fact of that particular sort of accidental death that is relevant" to prove.

There are cases holding invalid provisions in different form and wording from the present one. Rollins v. Ass'n, 204 Mo. App. 679, 220 S. W. 1022; Ellis v. Ass'n, 183 Iowa, 1279, 168 N. W. 212, L. R. A. 1918F, 414. In the Rollins Case the provision was:

"The claimant shall establish the accidental character of the injury by the testimony of at least one eyewitness to the accident other than the insured himself, and in the event of failure so to do * * * the liability of the association shall be limited to one-tenth of the amount otherwise payable."

The court, after making distinguishment between that provision and one like the one in the present case, determined that—

"The provision which we have heretofore quoted in the policy we are considering does not state a condition that existing will necessarily avoid or limit the liability of the insurer, but attempts to describe and require the character of evidence that the beneficiary must produce in order to show or prove the accidental character of the injury."

The provision considered in the Ellis Case, supra, was likewise construed, in view of the proviso of the provision, as undertaking, in

purpose and intention, simply to regulate rules of evidence. Likewise the stipulations considered in the following cases were held as not in the form and purpose of excepted risks, but simply as providing a rule of evidence in direct opposition of statutory provision. Mystic Circle v. Hoskins (Tex. Civ. App) 171 S. W. 812; Woodmen of the World v. Robinson (Tex. Civ. App.) 187 S. W. 215. The case of Ass'n v. Wilkes (Tex. Civ. App.) 209 S. W. 230, involving a stipulation like the present one, expressly states that—

"It is not, however, necessary for us to determine the validity of this stipulation, since we think * * * appellee was an eyewitness within its terms."

Provisions of like tenor and effect as the present one have been held valid as an excepted risk, such as, for instance, "the insurance shall not extend to any bodily injury of which there is no visible mark upon the body." See 4 Joyce on Insurance, § 2617; 14 R. C. L. p. 1250, § 428; 4 Cooley on Ins. p. 3184. The purpose of such a provision, as declared, "is to protect the insurer against sham claims by barring the insured from recovering for alleged injuries of which there is no proof except his own assertion." The same certainty of the direct evidence of the accidental discharge of firearms is the import of the present by-law, in the purpose of protection against death through suicide by firearms. We are of the opinion that the provision is valid and enforceable as in the nature of an excluded risk.

[2-5] Second point. The certificate of membership issued to the insured does not purport to contain in itself and without reference to any other formal instrument any of the substantive terms of the contract of insurance. It merely states that, as a member in "classes E and B" "the insured is entitled to benefits" indicated to be payable "in such amounts and under conditions and limitations as may be provided for in the articles of incorporation and by-laws of said association in force on the date of the happening of the event on account of which any claim, under this certificate, is made." Merely proving the certificate of membership and death of insured did not give the appellee any cause of action whatever. In order to establish a cause of action of any sort, she was compelled to prove a portion of the by-laws. Therefore, unless the application and by-laws are included with the certificate of membership as constituting "the policy or certificate issued by the association," within the meaning of the statute, in this case there is no formal policy or certificate whatever. Those documents constitute the only contract and only "policy or certificate" contemplated by the parties, and because thereof such "certificate" may not legally be regarded as invalid and unenforceable as a contract of

insurance. It is not so entirely lacking in conformity to the form prescribed by statute (article 4797, R. S. 1925) as to make it void, in that it does not "specify" or particularize the entire subject-matter of insurance by express reference to the by-laws of said association. The by-laws definitely state, plainly and without ambiguity, the substantial elements of the insurance in "class E," of the time and amount of the payment by the insurer, the "event" or peril or risk insured against, and the "conditions and limitations" or excepted risks not insured against. By-laws are valid when enacted within the limits and by virtue of the power conferred by the charter of the association. So in this view the legal effect may be given, as the appellee did in her pleadings, that the by-laws are included with the certificate of membership as constituting the certificate of insurance issued by the appellant to the insured. A fair construction of the plain provisions of the contract of insurance, as derived from the by-laws and the membership certificate, leads to the one conclusion that there are no conflicting or repugnant provisions relative to the risks insured or risks insured against or the time and amount of payment of insurance. The by-laws and the certificate, read together, express the same contingency and the same exception. There is a risk insured against and a risk excepted. This ruling is not opposed to the holdings in the cases of Pledger v. Acc. Ass'n (Tex. Com. App.) 228 S. W. 110; Francis v. Association (Tex. Civ. App.) 260 S. W. 938. The precise question here considered is quite different from that involved in those cases.

[6] The death conclusively fell within the by-law exception, as shown under appellee's pleading and proof (Harris v. Ins. Co. [Tex. Com. App.] 212 S. W. 933), and it is believed that the instruction requested should have been given.

Accordingly the judgment is reversed, and judgment is here rendered for appellant, with costs of the trial court and of the appeal.