## WERNER v. TRAVELERS' PROTECTIVE ASS'N OF AMERICA.

District Court, S. D. Texas, at Galveston. March 29, 1929.

No. 970.

H. C. Hughes and Lockhart, Hughes & Lockhart, all of Galveston, Tex., for plaintiff.

Y. D. Mathes and Baker, Botts, Parker & Garwood, all of Houston, Tex., for defendant.

HUTCHESON, District Judge. This is a suit to recover on an accident insurance policy for the death, by the discharge of firearms, of the plaintiff's husband.

The fact of the death and all other facts necessary to recovery, including the existence of the policy in force at the time of the death, are established by the undisputed evidence, provided only the death occurred from a risk covered by the policy.

The constitution of the defendant, in effect, and a part of the policy at the time of the death of plaintiff's husband, provided, among other things, that the association should not be liable if the death was the "result of injuries sustained as the result of a gunshot wound or the alleged accidental discharge of firearms when there was no eye witness except the member himself."

Among the proofs of loss submitted was an affidavit of the plaintiff, Mrs. W. H. Werner, signed March 15, 1928, before a justice of the peace as follows: "There were no eye witnesses. The small negro boy was the first to find Mr. Werner. He called Mr. Wehring and then the matter was reported to me."

At the trial no one appeared as an eyewitness to the actual discharge of the pistol. Plaintiff sought to avoid the effect of the exceptive clause by proving by eyewitnesses facts from which the inference of death by accidental discharge would be irresistible, claiming that the clause was satisfied by such proof, and offered proof as follows:

That the deceased came to his place of business in the morning at his usual time, talked to one of his store neighbors in the usual way, and when found, some short time after sitting in a chair in the back room of his store, with a bullet wound through his head and powder burns on his forehead, a pistol was in his lap with a stained towel over the firing end of the pistol, and an open bottle of oil was sitting on the floor beside him.

The evidence also showed that when the first witness came in some of the strands of the towel and a small portion of deceased's clothing were smoking, and that that witness put out the smouldering fire. It also shows that there were oil, and rust or smut on his fingers and on the towel.

Plaintiff declares that the eyewitnesses to these facts, which she says compel the conclusion that the gun was accidentally discharged while the deceased was engaged in cleaning it, are the eyewitnesses required by the exceptive clause of the constitution.

The defendant replies, not so. That were the question to be considered whether or not the death was accidental or intentional, it might well be that the plaintiff's proof was amply sufficient, but that the real question is whether or not there was an eyewitness, and that under no reasonable construction of the term could it be held that witnesses to circumstances as far removed from the actual discharge of the firearm as in this case could be held to be eyewitnesses to that discharge.

Plaintiff cites and relies upon Lewis v. Brotherhood Accident Co., 194 Mass. 1, 79 N. E. 802, 17 L. R. A. (N. S.) 714, and Ellis v. Business Men's Accident Ass'n, 183 Iowa, 1279, 168 N. W. 212, L. R. A. 1918F, 414.

Defendant in its turn cites Southern Travelers' Ass'n v. Shattuck, 2 S.W.(2d) 568, a decision by the Court of Civil Appeals of Texas; Becker v. Interstate, etc., Ass'n (C. C. A.) 265 F. 508, Eighth Circuit; Fiedler v. Iowa State, etc., Ass'n, 191 Iowa, 287, 179 N. W. 317; Roeh v. Ass'n, 164 Iowa, 199, 145 N. W. 479, 51 L. R. A. (N. S.) 221, Ann. Cas. 1915C, 813; Lundberg v. Ass'n, 162 Wis. 474, 156 N. W. 482, Ann. Cas. 1916D, 667; 14 R. C. L. p. 1265, § 441.

The cases relied on by plaintiff establish that under those policies the eyewitness provision was satisfied by direct testimony to such circumstances as, though not the very article of death itself, were a part of the res gestæ of its occurrence.

The authorities cited by defendant tend to a stricter construction than this, though some of them, notably the Iowa decisions, are from courts which have rendered decisions on which plaintiff relies, and most of them cite with approval the Lewis Case from Massachusetts.

It is not necessary for me to decide whether the more strict or the more liberal construction of such terms is the better law, for the plaintiff's proof does not in my opinion satisfy either line of authorities, but leaves her in law as in her proofs of death she states it, that there was no eyewitness to the tragedy, and this being so, she cannot recover.