## WERNER v. TRAVELERS' PROTECTIVE ASS'N.

Circuit Court of Appeals, Fifth Circuit. January 14, 1930.

No. 5666.

H. C. Hughes, of Galveston, Tex. (C. G. Krueger, of Bellville, Tex., and Lockhart, Hughes & Lockhart, H. C. Hughes, and J. W. Lockhart, all of Galveston, Tex., on the brief), for appellant.

Y. D. Mathes, of Houston, Tex., and Robert A. Holland, Jr., and M. P. Phillips, both of St. Louis, Mo. (Y. D. Mathes, of Houston, Tex., Holland, Lashly & Donnell, of St. Louis, Mo., and Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the appellant, the beneficiary named in a membership certificate issued to appellant's deceased husband by the appellee,

Travelers' Protective Association. The claim asserted was that under the contract sued on appellee was liable to appellant for the sum of $5,000 by reason of the accidental death of the deceased resulting from a bullet wound received while he was engaged in cleaning a pistol. That contract contained the provision: "Nor shall the Association be liable * * * when the member dies as a result of injuries sustained as a result of a gunshot wound or the alleged accidental discharge of firearms when there is no eye witness except the member himself." By stipulation in writing a jury was waived. There was no material conflict in the evidence. At the conclusion of the evidence the appellant moved the court to find in her favor, and excepted to the action of the court in overruling that motion.

Witnesses testified to seeing the deceased and hearing him talking and laughing shortly before he entered his place of business at his usual time in the morning, to seeing not long afterwards his dead body sitting in a chair in the back room of his store with a bullet wound through his head, and as to details of the scene which indicated that he came to his death while engaged in cleaning a pistol. There was no evidence tending to prove that any one other than the deceased saw the whole or any part of the occurrence which resulted in his death.

The above set out provision of the contract quite plainly shows that the appellee did not consent to be liable when the death of a member results from a gunshot wound or the discharge of firearms when there is no eyewitness except the member himself. That provision negatives the conclusion that death of a member is a risk insured against when it results from the discharge of a firearm while he is alone and no one other than himself sees all or any part of what occurs or happens to him. That the death of the deceased did not render the appellant liable under the contract sued on was shown by the evidence to the effect that his death was a result of the discharge of a firearm and that that happening was one no part of which was in the presence or within the ocular view of any one other than the deceased. This conclusion is in harmony with decisions dealing with somewhat similar provisions. Southern Travelers' Ass'n v. Shattuck (Tex. Civ. App.) 2 S.W.(2d) 568; Lundberg v. Interstate B. M. Acc. Association, 162 Wis. 474, 156 N. W. 482, Ann. Cas. 1916D, 667; Becker v. Interstate B. M. Acc. Ass'n (C. C. A.) 265 F. 508. The contract having provided that appellant should not be liable when the death of a member is

from the cause and in the circumstances disclosed by the evidence, the above-mentioned ruling was not erroneous.

The judgment is affirmed.