7 So.2d 311

## WOODMEN OF THE WORLD LIFE INS. SOC. v. BRADEN.

### 3 Div. 346.

Supreme Court of Alabama.

March 19, 1942.

Rehearing Denied April 16, 1942.

Calvin Poole, of Greenville, for appellant.

D. M. Powell and Powell & Hamilton, all of Greenville, and Leonard L. Sells, of Washington, D. C., for appellee.

BOULDIN, Justice.

Action for recovery of the double indemnity benefit alleged to be due under a certificate of insurance issued by a Fraternal Benefit Society providing for such benefit in case of death of the member resulting solely from bodily injury through external, violent, and accidental means.

The policy stipulated that no such benefit should be payable in the event of death of the member by his own hand or act, whether sane or insane.

The insured came to his death from a gunshot wound inflicted from the front and ranging through the region of the heart. The shot came from the member's own gun, being handled by him at the time. Whether the wound was intentionally self-inflicted or was the result of an accident while cleaning the gun was the controlling issue of fact in the case.

The policy and application for double indemnity benefits contained the specifications required by Title 28, § 179, Code of 1940. Among others, that the constitution and by-laws of the society, including subsequent amendments thereto, constitute a part of the contract.

Under a plea in short by consent, defendant offered in evidence Subsection 10, Section 57 of the constitution and by-laws of the society which reads:

"Tenth. The Society shall not be liable for the payment of double indemnity under any beneficiary certificate providing for double indemnity in case of the death of the member by accident, where it is claimed that death resulted from accidental drowning, cutting, poisoning, hanging, inhalation of gas, discharge of firearms or shooting, unless at least one person other than the member was an eye witness of such drowning, cutting, poisoning, hanging, inhalation of gas, discharge of firearms, or shooting."

The ruling of the court sustaining objections to and rejecting this eye-witness clause is presented for review.

The ground upon which the validity of the eye-witness clause is challenged is that it is against public policy in that it usurps or invades the judicial function to try issues of fact upon established rules of evidence; denies the right to ascertain the facts in this class of cases upon circumstantial evidence.

In 20 Am.Jur. 45, 46, § 15, is a general discussion of contract stipulations affecting rules of evidence.

In 29 Am.Jur. 1141, § 1519, a conflict of decisions is noted in respect to eye-witness clauses in accident insurance cases. The section concludes:

"According, however, to the weight of authority, provisions that there shall be no liability on the part of the insurer on account of death or injury produced by accident or the discharge of firearms, unless the claimant shall establish the accidental character of the injury by an eyewitness other than the insured or claimant, are not against public policy as an attempt to modify or control the procedure of courts of justice."

We quote from annotation 62 A.L.R. 39: "While the cases are not wholly in accord, the weight of authority holds that provisions that there shall be no liability on the part of the insurer on account of death or injury produced by the discharge of firearms, unless the claimant shall establish the accidental character of the injury by an eyewitness other than the insured or claimant, are not against public policy as an attempt to modify or control the procedure of courts of justice. Becker v. Interstate Business Men's Acc. Ass'n, 8 Cir., 1920, 265 F. 508; Moses v. Illinois Commercial Men's Ass'n, 1914, 189 Ill.App. 440; Roeh v. Business Men's Protective Ass'n, 1914, 164 Iowa 199, 145 N.W. 479, 51 L.R.A.,N.S., 221, Ann.Cas.1915C, 813; Schumacher v. National Travelers' Ben. Ass'n, 1925, 118 Kan. 523, 235 P. 844; Southern Travelers' Ass'n v. Shattuck, Tex.Civ.App., 1928, 2 S.W.2d 568; Lundberg v. Interstate Business Men's Acc. Ass'n, 1916, 162 Wis. 474, 156 N.W. 482, Ann.Cas.1916D, 667. Contra: Rollins v. Business Men's Acc. Ass'n, 1920, 204 Mo. App. 679, 220 S.W. 1022, and Utter v. Travelers' Ins. Co., 1887, 65 Mich. 545, 32 N.W. 812, 8 Am.St.Rep. 913."

The cited cases are there reviewed.

Werner v. Travelers' Protective Ass'n, 37 F.2d 96, 97, U. S. Court of Appeals,

608

Fifth Circuit, opinion by Judge Walker, dealt with a clause touching deaths from gunshot wounds of like tenor as that here involved. We quote:

"The above set out provision of the contract quite plainly shows that the appellee did not consent to be liable when the death of a member results from a gunshot wound or the discharge of firearms when there is no eyewitness except the member himself. That provision negatives the conclusion that death of a member is a risk insured against when it results from the discharge of a firearm while he is alone and no one other than himself sees all or any part of what occurs or happens to him. That the death of the deceased did not render the appellant liable under the contract sued on was shown by the evidence to the effect that his death was a result of the discharge of a firearm and that that happening was one no part of which was in the presence or within the ocular view of any one other than the deceased. This conclusion is in harmony with decisions dealing with somewhat similar provisions. Southern Travelers' Ass'n v. Shattuck, Tex.Civ.App., 2 S.W.2d 568; Lundberg v. Interstate Business Men's Acc. Ass'n, 162 Wis. 474, 156 N.W. 482, Ann.Cas.1916D, 667; Becker v. Interstate Business Men's Acc. Ass'n [8 Cir.], 265 F. 508."

The facts of that case were quite similar to the one at bar.

The Texas Courts draw a distinction between a clause declaring nonliability where there was no eye-witness other than the member, and one requiring the fact that the gunshot wound was accidental to be established by the evidence of an eye-witness. The former is held valid, and the latter invalid because against public policy. Southern Travelers' Ass'n v. Shattuck, Tex.Civ. App., 2 S.W.2d 568; Sovereign Camp, W. O. W., v. Martinez et ux., 132 Tex. 580, 126 S.W.2d 10.

The Supreme Courts of Tennessee and Oklahoma sustain clauses of the latter class. Pannell v. W. O. W., 171 Tenn. 245, 102 S.W.2d 50; Sovereign Camp, W. O. W., v. Smith, 176 Okl. 545, 56 P.2d 408.

We have no occasion to consider this conflict of views.

■ The great weight of authority, and, we think, sound reasoning, leads us to the conclusion the eye-witness clause here involved is valid, and goes to the coverage of the contract. When, on proper pleading, the full contract in force at the time of death is proven by the introduction of the eye-witness clause, the burden is on plaintiff to go forward with evidence showing there was an eye-witness other than the deceased.

■ Such provision should be construed to give effect to the purpose and intent thereof. An eye-witness is one who sees the actual shooting in such manner that he forms a fair judgment upon whether the gunshot was accidental or intentional. If available, the evidence of such eye-witness should be submitted to the society as part of the proof of loss. Dealing with realities we are impressed that a Fraternal Society interested in the protection of all its members is not so much concerned in the first instance with court procedure, as in setting up safeguards enabling it to determine whether there was an accident or self-destruction. The rate structures affecting all members is involved. To avoid controversy in doubtful cases leading to litigation, in which a presumption against self-destruction is indulged, is a good reason for such provisions.

We would not be understood as holding this form of eye-witness clause requires the production of an eye-witness in court, in case of his death before the trial or he is otherwise unavailable.

Some courts have observed that men, contemplating taking their own lives, plan to be alone, not to be interrupted, and, as a rule, do not take the fatal step in the presence of another. If it be shown the occurrence was in the presence of another, and such other is not available in making proof, this would, under the rationale of such cases, be a compliance with this form of eye-witness clause. Order of United Commercial Travelers of America v. Knorr, 10 Cir., 112 F.2d 679.

■ The instant case does not call for a decision on this point. We make no committal as to the soundness of reasoning in the several cases cited, save to hold the eye-witness clause was admissible in the instant case, and cast upon the plaintiff the burden to go forward with the evidence as above announced.

For the error in rejecting such evidence the judgment must be reversed.

Since this may result in another trial we avoid comment on the evidence tending to support the claim of an accident or the evi-

dence tending to show an intentional shooting of himself on the part of the insured.

Other questions raised on this appeal may not arise on another trial, and we forego further discussion.

Reversed and Remanded.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.