**FOX v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.**

**No. 323–S.**

United States District Court
M. D. Alabama, S. D.

May 22, 1951.

Alto V. Lee, III, Dothan, Ala., for plaintiff.

Oscar L. Tompkins, Dothan, Ala., for defendant.

KENNAMER, District Judge.

Plaintiff sued to recover the sum of five thousand dollars, allegedly due on a certificate of accident insurance issued by the defendant on the 19th day of May, 1950, insuring the life of William H. Fox, husband of the plaintiff, and who died on June 9, 1950.

The defendant pleaded as a bar to recovery Article XV, Section 16, of the constitution of the defendant, and which was made a part of the insurance contract, and which reads as follows: " * * * nor shall the Order be liable for any death benefit when the member dies as the result of a gunshot wound or the alleged accidental discharge of firearms where there is no eyewitness to such discharge except the member himself, in an amount greater than $500.00."

The case was tried to a jury and a verdict was rendered for the plaintiff against the defendant in the amount sued for in the bill of complaint.

As provided by Rule 50, Rules of Civil Procedure, 28 U.S.C.A. the defendant, within ten days after the reception of the verdict, moves this court to reopen the judgment and either order a new trial or

988

direct the entry of judgment as if the requested verdict had been directed.

William H. Fox, the insured, died as the result of a gunshot wound. He was alone in the living room of his home at the time he sustained the gunshot wound. The plaintiff was in the bed room of the home at the time of the shooting. The bed room adjoined the living room.

No person saw the gun discharged. Plaintiff sought by her testimony to avoid the effect of the exceptive clause by proving facts from which the inference of death by accidental discharge of the gun would be irresistible, claiming that the clause was satisfied by proof that she was in the immediate vicinity to the insured at the time the gun was discharged, and that she had, previous to the discharge, conversed with the insured about such matters as to compel the conclusion that the gun was accidentally discharged while the deceased was making preparations for a fishing trip, and therefore she was an eyewitness as required by the exceptive clause of the constitution.

Was she? This court thinks not.

"An eyewitness is one who sees the actual shooting in such manner that he forms a fair judgment upon whether the gunshot was accidental or intentional." Woodmen of the World Life Ins. Co. v. Braden, 242 Ala. 606, 7 So.2d 311.

This court is of the opinion that the plaintiff herself answered in her testimony the question of whether she was an eyewitness to the shooting:

"Q. Now, you were not with him at any time while he was in the living room, were you? A. No.

"Q. How long had he been in the living room Mrs. Fox, and from where you were you could not see him in the living room could you? A. No, I could not.

"Q. After he went in the living room you never saw him while he was alive until after the shot? A. No, I did not.

"Q. From the time he went in the living room until the time of the shot, you never saw him any more. That is right, isn't it? A. Yes.

"Q. Well, how long was he in there? From the time he came in there before the shot? How many minutes would you say? A. It could not have been more than five or six minutes, maybe longer. I went to the bathroom. I was just waking up, and was not hasty in washing up. It could have been ten minutes.

"Q. And during that ten minutes he was in the living room you never saw him. A. No."

The facts are undisputed that the deceased was alone at the time of the discharge of the pistol, which was not in the presence or within the ocular view of any one other than the deceased.

In Werner v. Travelers' Protective Association, 5 Cir., 37 Fed.2d 96, 97, the court states the law applicable to this case as follows:

"That the death of the deceased did not render the appellant liable under the contract sued on was shown by the evidence to the effect that his death was a result of the discharge of a firearm and that that happening was one no part of which was in the presence or within the ocular view of any one other than the deceased."

The plaintiff herein was not within the ocular view of any events that took place in the living room from the time the insured entered the living room until after the shot was fired.

It is not sufficient that she was in the immediate locale of the shooting, or that she was a witness to events that took place immediately prior to the time the insured removed himself from the presence of all others.

Nothing but unbridled sympathy for the plaintiff could warrant a finding that, from the testimony given by the plaintiff herself at the trial, the plaintiff was an eyewitness to the discharge of the gun so as to avoid the exceptive clause.

Judge Bouldin in Woodmen of the World Life Ins. Soc. v. Braden, 242 Ala. 606, 7 So.2d 311, 314, states the reason for such provisions as being: "To avoid controversy in doubtful cases leading to litigation, in which a presumption against self-destruc-

tion is indulged, is a good reason for such provisions."

Such provisions should not be defeated by the court straining its imagination and the plaintiff's eyes.

It is ordered that the judgment of this court herein rendered on the 24th day of April, 1951, for the plaintiff in the amount of $5,264.33, be, and the same is, re-opened, and it is ordered, adjudged, and decreed, that, notwithstanding the verdict of the jury, that judgment be, and the same is hereby entered in this cause against the defendant for the sum of $526.25, and that the plaintiff have and recover of the defendant the sum of $526.25, which includes the principal of $500 recovered under the certificate of accident insurance, plus interest at six percent per annum from June 9, 1950.

The defendant is taxed with all costs, for which execution may issue.